UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMIE MUNCHBACH, ) ) Plaintiff, ) ) v. ) ) MAYOR ROBERT HEDLUND, et al., ) ) Defendants. ) | CIVIL ACTION NO. 25-12230-WGY |

**MEMORANDUM AND ORDER**

September _10_, 2025

YOUNG, D.J.

    Pro se plaintiff Jamie Munchbach has filed a complaint against Robert Hedlund and Allen Smith, whom Munchbach respectively identifies as the Mayor of Weymouth and the CEO of South Shore Health. Munchbach claims that the defendants "harassed" and "discriminated and retaliated" against her. Compl. (ECF No. 1) at 4. Munchbach has also filed motions for leave to proceed in forma pauperis (ECF Nos. 2, 5) and a motion for a temporary restraining order (ECF No. 4). For the reasons set forth below, the Court will grant the in forma pauperis motions, direct Munchbach to file an amended complaint if she wishes to proceed with this action, and deny the motion for a temporary restraining order.

I. **Motions for Leave to Proceed in Forma Pauperis**

Upon review of Munchbach's motions for leave to proceed in forma pauperis, the Court concludes that she has shown she is unable to pay the $405 filing fee. Accordingly, the Court GRANTS the motions.

II. **Review of the Complaint**

Because Munchbach is proceeding in forma pauperis, the Court may conduct a preliminary review of her complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes Munchbach's complaint because she is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

A. **Complaint**

Munchbach prepared her complaint by using a form titled "Complaint for Civil Case," which form is provided by the Administrative Office of the United States Courts for use by pro se litigants.[1] Section III of this form is titled "Basis for Jurisdiction," in which Munchbach indicates that she is invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1331,

---

[1] In the United States District Court for the District of Massachusetts, use of this form is optional.

which allows a federal district court to exercise jurisdiction over cases arising under federal law. Compl. at 3. She states that she is bringing this action under the following federal laws: the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the False Claims Act.[2]

Section III of this form is titled "Statement of Claim," wherein the plaintiff is instructed to, <u>inter alia</u>, "[s]tate how [the] defendant was involved and what [the] defendant that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. . . . Attach additional pages if needed." Compl. at 4. In this field, Munchbach alleges:

> The Town of Weymouth and its affiliated vendor have harassed[,] discriminated and retaliated against me and cause detrimental harm to me physically, emotionally and financially in order to conceal criminal collusion and the withholding of public records in order to negate gross negligence and liability to a contractually negligent and inept private entity.

<u>Id.</u> Munchbach did not attach additional pages.

In her request for relief, Munchbach asks the Court "to award a total of $100,000 for exemplary medical and emotional

---

[2] Munchbach also states that she is bringing a claim under state law--M.G.L. ch. 151B--over which the Court could exercise jurisdiction as long as she has sufficiently stated a claim under federal law. <u>See</u> 28 U.S.C. § 1356(a).

3

distress in addition to trespassing on private property to falsify records owed to me as a citizen and the extenuating circumstances of retaliation and medical harm that warrant excess punitive damage." Id.

**B.  Discussion**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement should be plain because the principal functions of pleadings are to (1) give defendants fair notice of the basis for the claims against them so that they may respond, see Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013), and (2) allow the Court to determine whether the complaint contains sufficient factual allegations, which, treated as true, allow the Court to reasonably infer that the plaintiff is entitled to relief, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether the complaint shows that a plaintiff is entitled to relief, the Court only considers "well-pleaded" factual allegations.  In other words, allegations that consist merely of "labels and conclusions" are not credited. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 556 U.S. at 678 (alteration in original)

(quoting Twombly, 550 U.S. at 557); see also id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Instead, the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Munchbach's complaint falls far short of this pleading standard. Although the complaint generally identifies the legal claims that Munchbach is asserting, her factual claims are entirely conclusory. The complaint does not contain sufficient, specific factual allegations to give the defendants adequate notice of the grounds upon which her claims rest or show that he is entitled to relief. Munchbach does not identify the conduct of the defendants that constitutes harassment, discrimination, retaliation or violates the federal statutes she invokes.

In the absence of any well-pleaded facts, it follows that the complaint fails to state a plausible claim. If Munchbach wishes to proceed with this action, she may file an amended complaint containing sufficient factual content which gives the defendants adequate notice of her claims and, treating all well-pled factual allegations as true, allows the Court to draw a reasonable inference that the defendants are liable to her.

Munchbach may prepare an amended complaint using the use the same form she used for her original complaint, but she will need to include additional pages to adequately state her claims. The factual allegations and legal claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The amended complaint will completely replace the original complaint, and the Court will review the sufficiency of the amended complaint without reference to the original complaint.

### III. Motion for a Temporary Restraining Order

Munchbach commenced this action on August 8, 2025. On September 5, 2025, she filed a one-page motion for a temporary restraining order, which reads as follows:

> I am requesting a restraining order from the Weymouth and Quincy Police. Since restarting my MCAD filings, court filings, and appellate appeals the behavior of both police departments have been detrimental to my safety and my physical health. The egregious behavior of abuse and at will judgment of men who the power to abuse in attempt to force the sale of my home. They continue to harass on video and verbally assault while threaten . . . trying to instill an abused of power. I ask for my safety and that of my children [that] the court restrain the police forces from invading my personal boundaries so I may pursue justice for the wrongs executed against me causing miscarriages of justice.

(ECF No. 4) (spelling standardized).

6

A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). In addition, the party must certify to the Court in writing the efforts, if any, which have been made to give the defendants notice of the request for a restraining order, or the reasons supporting the claim that notice should not be required. Id.

In the absence of complaint that sufficiently identifies the defendants' alleged misconduct, there is no basis for a temporary restraining order. Further, Munchbach has not certified her efforts to give notice to the defendants of the motion for emergency relief or explained why such notice should not be required. Finally, the requested relief is so vague that it would be impossible for the Court to issue a restraining order. Under Fed. R. Civ. P. 65(d), "[e]very order granting an injunction and every restraining order shall . . . be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). The order that Munchbach requests--an order that the police not invade her "personal boundaries'--would not satisfy this requirement.

IV. **Conclusion**

For the foregoing reasons, the Court hereby orders:

1. The motions for leave to proceed in forma pauperis are GRANTED.

2. If Munchbach wishes to proceed with this action, she must, within twenty-eight (28) days of the date of this order, file an amended complaint. Failure to do so will likely result in dismissal of this action without prejudice.

3. The motion for a temporary restraining order is DENIED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE